This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                              **No. 36,077**

**LIESHA HENDERSON,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Jacqueline D. Flores, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Liesha Henderson
Grants, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1}     Defendant, self-represented on appeal, challenges her convictions for kidnapping, abuse of a child, and attempted child abuse. We issued a notice of proposed disposition proposing to dismiss the appeal, and Defendant has responded

with a memorandum in opposition as well as an "Addenda to Application for Appellate Review." We have carefully considered Defendant's submissions but continue to believe that dismissal is warranted in this case. Therefore, for the reasons set out below and in our notice of proposed summary disposition, we dismiss.

{2}     In our notice we discussed the fact that Defendant's plea agreement did not reserve any issues for appeal, and pointed to case law indicating that such an unconditional plea waives a defendant's right to challenge her convictions or sentence on direct appeal. *See State v. Chavarria*, 2009-NMSC-020, ¶¶ 9, 17, 146 N.M. 251, 208 P.3d 896. We also noted the difficulty posed by the fact that a defendant may not attack a plea agreement for the first time on appeal, but must instead file a motion to withdraw the plea in district court before requesting relief from this Court. *See State v. Andazola*, 2003-NMCA-146, ¶ 25, 134 N.M. 710, 82 P.3d 77. Defendant's memorandum in opposition acknowledges our citations to *Chavarria* and *Andazola*, but does not explain how those cases are inapplicable to this case. Instead, the memorandum in opposition attacks the validity of Defendant's plea agreement, arguing (among other things) that she received ineffective assistance of counsel, that she was unable to understand the terms of the plea agreement or the consequences of entering into such an agreement, that there was insufficient evidence to convict her of kidnapping, that her right to be free from double jeopardy was violated, and that the

judicial system in New Mexico is racially biased. [MIO *passim*] All of these arguments are directed at the validity of Defendant's plea and resulting convictions, and it is undisputed that she has not yet challenged her plea in the district court. At this point, therefore, Defendant is limited to raising these arguments in collateral proceedings such as habeas corpus; there is nothing for us to review on appeal, and this case must be dismissed. *See Andazola*, 2003-NMCA-146, ¶ 25; *see also Chavarria*, 2009-NMSC-020, ¶ 17.

{3}     Based on the foregoing as well as the discussion in our notice of proposed summary disposition, we dismiss Defendant's appeal.

{4}     **IT IS SO ORDERED.**


_____
**M. MONICA ZAMORA, Judge**

**WE CONCUR:**


_____
**LINDA M. VANZI, Chief Judge**


_____
**HENRY M. BOHNHOFF, Judge**

3